## Case No. 4,018.

### DOUBLEDAY et al. v. BRACHEO.

[2 Fish. Pat. Cas. 560.][1]

Circuit Court, S. D. New York. Aug., 1865

INFRINGEMENT OF PATENTS—BONNET STRETCHERS.

Where a patentee claimed "pressing the whole of a bonnet frame, or similar article, at one operation by dies, substantially as specified," and also "forming the side, crown, and flaring face piece of a bonnet frame, in one piece, or at one operation, as specified," and the defendant used a former which was old, but instead of an upper die, used a stretcher, drawing the material tightly over the former—*Held*: That the patent was not infringed.

[Cited in Waterbury Brass Co. v. Miller, Case No. 17,254.]

This was a bill in equity, filed to restrain the defendant from infringing letters patent [No. 15,570] for "improvement in machines for pressing bonnets and bonnet frames," granted to William Osborn August 19, 1856, reissued February 17, 1857; again reissued to Mary J. Osborn, executrix, March 27, 1860 [No. 933], and assigned to complainants.

The claims of the several patents were as follows:

Original patent, dated August 19, 1856: "I do not claim any of the separate parts set forth. Neither do I claim pressing or forming a separate flaring face piece, nor a separate crown piece for bonnets or for bonnet frames. I claim forming the flaring face piece and side crown of a bonnet or a bonnet frame, in one piece, and at one operation, substantially in the manner set forth, and irrespective of the particular form of the bonnet or frame.

Reissued patent, dated February 17, 1857: "I claim pressing the whole of a bonnet or bonnet frame, including the flaring face piece, side crown and tip, at one operation, by dies, substantially as specified, whether said bonnet or frame be formed of one or of several pieces, and irrespective of the particular shape of the bonnet or frame. I also claim forming the side crown and flaring face piece of a bonnet frame, in one piece, or at one operation, as specified."

Reissued patent, dated March 27, 1860: "I claim, etc., first, pressing the whole of a bonnet frame, or similar article, at one operation, by dies, substantially as specified,

whether formed of one or of several pieces, and irrespective of the particular size or shape. I also claim forming the side crown, and flaring face piece of a bonnet frame, in one piece, or at one operation, as specified."

George Gifford, for complainants.
W. P. Angel, for defendant.

NELSON, Circuit Justice. The bill, in this case, is filed to enjoin the defendant from the infringement of a patent to William Osborn for a new and useful improvement for pressing all kinds of bonnets, and similar articles, and pressing and forming buckram frames for bonnets. A full description of the means of pressing and forming the bonnet and like articles is given in the specification. The means consist of two dies, an upper and lower of the form or shape required. The lower is of marble or other material that will not rust. The upper is of cast-iron. An arrangement is made for heating, by which the upper die is heated so as to press the articles. The bonnet or bonnet frame is put upon the lower die, and the upper one is lowered on to it by a crank, and is pressed by one impression, or, in other words, is pressed all over at the same time. The patentee then claims: First. "Pressing the whole of a bonnet frame, or similar article, at one operation by dies, substantially as specified, whether framed of one or of several pieces, and irrespective of the particular size or shape. I also claim forming the side crown, and flaring face piece of a bonnet frame, in one piece, or at one operation as specified."

Whether we regard the patent as a combination of the former and upper die in the manner described, or as a process producing the useful result, is not at all material in this case, as the means used by the defendant are substantially different, in either respect. The only instrument similar to the plaintiffs' arrangement used is the former, which is not claimed, and could not be as it is old. No upper die is used, but, in place of it simply a stretcher, which draws tightly the material over the former to produce the requisite shape, excluding the idea of pressure so important in the arrangement of the plaintiffs' improvement. Several advantages are obtained in this mode of forming bonnets and similar articles—an important one, in avoiding the pressure upon the outer surface, which pressure has a tendency to deface, and destroy its beauty, as in the case of velvets and similar fabrics.

The patentee disclaims the separate parts of his arrangement, and the pressing of the crown piece of bonnets, separately by means of dies, but he insists that he was the first to discover the application of dies to the pressing of the whole surface of the bonnet frame, at one operation, whereby the whole article is pressed to its proper shape. And, that by the dies acting upon the whole surface, it became possible to press the entire

bonnet at one operation. The whole scope of the language of the specification, as well as the claim, shows that the means used, and relied on by the patentee, for forming the shape of the bonnet, is pressure upon the whole surface by means of the face of the two dies.

Without pursuing the case further, we are satisfied that the plaintiffs have failed to make out any infringement, and that for this reason a decree must be entered for the defendant.

[NOTE. For other cases involving this patent, see Doubleday v. Sherman, Cases Nos. 4,019–4,021.]